**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| JOSHUA MITTWOL, on behalf of himself and all others similarly situated, | Civil Action No. 23-156 |
| Plaintiffs, | Chief Judge Mark R. Hornak |
| v. | **ELECTRONICALLY FILED** |
| PELOTON INTERACTIVE, INC., | |
| Defendant. | |

**AMENDED CLASS/COLLECTIVE ACTION COMPLAINT**

AND NOW, comes Plaintiff, Joshua Mittwol ("Plaintiff"), by and through undersigned counsel, and pursuant to Fed. R. Civ. P. 15, and files this Amended Class/Collective Action Complaint for Damages and Demand for Jury Trial in support thereof averring the following:

1.      This is a class/collective action arising out of Defendant's failure to comply with provisions of New Jersey Wage and Hour Law ("NJWHL"), to recover unpaid overtime wages for certain hours worked for himself and all Field Specialists (hereinafter "Field Specialists") who worked within the past 6 years for Peloton Interactive, Inc., in the State of New Jersey pursuant to the NJWHL (hereinafter the "NJ Overtime Class"). Plaintiff also seeks to pursue a collective action and recover unpaid federal overtime wages for himself and other similarly situated Field Specialists who worked within the past 3 years for Peloton Interactive, Inc. anywhere in the United States pursuant to 29 U.S.C. § 216(b) (the "NJ Overtime Collective").

2.      Defendant maintains its principal address in New York at 125 W. 25th Street, 11th Floor, New York, New York 10001, but requires it Field Specialists to sign an employment agreement which imposes a Forum Selection Clause requiring that any dispute be filed in the state or federal courts of Pennsylvania. This Forum Selection clause specifically states as follows:

7.      **Interpretation, Amendment and Enforcement**.      This letter agreement and Exhibit A constitute the complete agreement between you and the Company, contain all of the terms of your employment with the Company and supersede any prior agreements, representations or understandings (whether written, oral or implied) between you and the Company.   This letter agreement may not be amended or modified, except by an express written agreement signed by both you and a duly authorized officer of the Company.   The terms of this letter agreement and the resolution of any disputes as to the meaning, effect, performance or validity of this letter agreement or arising out of, related to, or in any way connected with, this letter agreement, your employment with the Company or any other relationship between you and the Company (the "Disputes") will be governed by Pennsylvania law, excluding laws relating to conflicts or choice of law.   You and the

**PELOTON**

2

Company submit to the exclusive personal jurisdiction of the federal and state courts located in Pennsylvania in connection with any Dispute or any claim related to any Dispute.

＊ ＊ ＊ ＊ ＊

3.      Plaintiff and the NJ Overtime Class are/were Field Specialists who worked for Defendant within the last six years in the State of New Jersey.

4.      Plaintiff and the NJ Overtime Class regularly worked in excess of forty (40) hours per week but were subject to an automatic meal deduction they were not permitted to actually take in one or more workweeks.

5.      Plaintiff and the NJ Overtime Collective are/were Field Specialists who worked for Defendant within the last three years in the United States.

6.      Plaintiff and the NJ Overtime Collective worked in excess of forty (40) hours per week but were subject to an automatic meal deduction they were not permitted to actually take in one or more workweeks.

7.      Plaintiff worked for Defendant as a Field Specialist in New Jersey from approximately October 2, 2018, through the end of August 2020.

8.      In or around September 5, 2020, Plaintiff moved to South Florida and continued to work as a Field Specialist and continued to experience the same unlawful meal deductions which resulted in continued overtime violations.

9.      Plaintiff's employment was terminated on or about January 18, 2022.

10.     The proposed NJ Overtime Class Members worked for Defendant as Field Specialists in the same or identical capacity as Plaintiff in the State of New Jersey within the past 6 years.

11.     The proposed NJ Overtime Collective worked for Defendant as Field Specialists in the same or identical capacity as Plaintiff throughout New Jersey within the past 3 years.

12.     Plaintiff and the proposed NJ Overtime Class Members were subjected to similar violations of the NJWHL.

13.     Plaintiff and the proposed NJ Overtime Collective Members were subjected to similar violations of the FLSA.

14.     Plaintiff seeks certification of the following collective under 29 U.S.C. § 216(b) for violations of the FLSA as follows:

**NJ Overtime Collective:**    **All Field Specialists who worked for Defendant in the State of New Jersey during the past 3 years, who worked more than 40 hours in one or more workweeks.**

15.    Plaintiff further seeks class certification under Pa. R. Civ. P. 1701, *et. seq.*, of the following class of Field Specialists for Defendant's failure to pay mandated state overtime wages pursuant to the New Jersey Wage and Hour Law ("NJWHL"):

**NJ Overtime Class:**    **All Field Specialists who worked for Peloton Interactive, Inc. in New Jersey, between December 7, 2016, and June 9, 2023, who: (i) have been regularly assigned to a warehouse located within New Jersey during that period; (ii) have not accepted a Separation Agreement and General Release; and (iii) have not agreed to a forum-selection clause requiring litigation outside New Jersey.**

16.    The precise size and identity of each class and collective should be ascertainable from the business records, tax records, and/or employee or personnel records of Defendant; however, Plaintiff estimates that the total number of class members in each class and/or collective exceeds 50 Field Specialists.

17.    At all times material hereto, Plaintiff, and members of the putative classes and collectives, were non-exempt "employees" of Defendant as defined by the NJWHL and the FLSA, 29 U.S.C. 203(d).

18.     At all times material hereto, Defendant was the "employer" of Plaintiff and each putative class and collective as that term is defined under the NJWHL and the FLSA, 29 U.S.C. 203(d).

## JURISDICTION & VENUE

19.     On information and belief, Defendant requires all of its Field Specialists employees in New Jersey to submit to the exclusive personal jurisdiction of the federal and state courts of Pennsylvania.

20.     Accordingly, this dispute is subject to the jurisdiction of this Honorable Court.

21.     This action is brought under 29 U.S.C. § 216(b), Pa. R. Civ. P. 1701, *et. seq.*, and the NJWHL, to recover damages from Defendant and reasonable attorney's fees and costs. The relief sought under the FLSA in this action is intended to include each and every Field Specialist who worked for Defendant in the State of New Jersey at any time within the past 3 years at Peloton Interactive, Inc. The relief sought under the NJWHL in this action is intended to include each and every Field Specialist who worked for Defendant at any time within the past six years at Peloton Interactive, Inc. in the State of New Jersey.

22.     All acts and omissions giving rise to Plaintiff's claim took place within the State of New Jersey and State of Florida and were subject to an employment agreement which imposes a Forum Selection Clause requiring all disputes to be litigated in the state and/or federal courts of Pennsylvania, which falls within the jurisdiction of this Honorable Court.

23.     This Court has jurisdiction and venue over this Amended Class/Collective Action Complaint, as Defendant operates in the Commonwealth of Pennsylvania, could

- 5 -

reasonably foresee being hauled into Court here, and has agreed to litigate any disputes arising out of Plaintiff's employment in this forum.

## FLSA & NYLL COVERAGE

24.    Defendant is an enterprise covered by the FLSA, and NJWHL, by virtue of the fact that it is an enterprise engaged in commerce or in the production of goods for commerce. Defendant had at least two employees engaged in commerce or in the production of goods for commerce, or employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person.

25.    Defendant's employees handled goods such as pens, paper, vehicles, cellular phones, and other materials that had previously travelled through commerce.

26.    Defendant had annual gross revenue in excess of $500,000.00 in 2016, 2017, 2018, 2019, 2020, 2021, and is expected to gross in excess of $500,000.00 in 2022.

## FACTUAL BACKGROUND

27.    Defendant operates in several states throughout the country where it sells and delivers its branded exercise equipment.

28.    A key component of Defendant's business model is to employ Field Specialists, like Plaintiff, to deliver Peloton devices to its customers and otherwise assist customers with the installation of these devices.

29.    At the inception of his employment with Defendant, the Plaintiff resided in New Jersey and regularly traveled to and from Defendant's warehouse in New Jersey to make deliveries on a daily basis.

30.    Defendant employed Plaintiff and NJ Overtime Class Members in the State of New Jersey as "Field Specialists" within the past six years.

31.    Defendant employed Plaintiff and NJ Overtime Collective Members throughout the State of New Jersey as "Field Specialists" within the past three years.

32.    Plaintiff and the NJ Overtime Class Members were non-exempt employees of Defendant.

33.    Plaintiff and the NJ Overtime Collective Members were non-exempt employees of Defendant.

34.    Plaintiff and NJ Overtime Class Members' job duties consisted of making deliveries, providing presentations to customers, and performing installations for customers who had ordered Peloton devices.

35.    Plaintiff and the NJ Overtime Collective Members' job duties consisted of making deliveries, providing presentations to customers, and performing installations for customers who had ordered Peloton devices.

36.    The work performed by Plaintiff, the NJ Overtime Class, and the NJ Overtime Collective was an integral part of the business for Defendant.

37.    Defendant controlled and/or remained responsible for the work performed by Plaintiff and the NJ Overtime Class and the NJ Overtime Collective, and otherwise met the factors of the "economic realities test," for the Parties to fall within the definition of employer and employee under federal and New Jersey law.

38.    Defendant had power to hire and fire Plaintiff and the NJ Overtime Class and NJ Overtime Collective.

39.    Defendant and/or managers and supervisors enforce pay policies as they apply to the Field Specialists and require Plaintiff and Class and Collective Members to comply with these requirements.

40.     Defendant controlled Plaintiff and Class and Collective Members' work schedules by either issuing the schedules themselves and/or delegating this task to managers.

41.     Defendant scheduled Plaintiff and Class and Collective Members to work certain shifts by either issuing schedules themselves and/or delegating this task to managers and supervisors.

42.     Defendant required Plaintiff and Class and Collective Members to work specific days of the week.

43.     Defendant provided necessary training to Field Specialists.

44.     Defendant determined the rate and method of payment for Plaintiff and all Field Specialists.

45.     Defendant established meal deduction practices and policies and enforced these policies during the past six years against the NJ Overtime Class and during the past three years against the NJ Overtime Collective.

## **AUTOMATIC MEAL DEDUCTIONS**

46.     During the past six years Defendant attempted to apply an automatic meal deduction to Plaintiff and the NJ Overtime Class notwithstanding the fact that these workers were not permitted to actually take a meal break in which they were free from performing any work-related tasks.

47.     During the past three years, Defendant attempted to apply this same automatic meal deduction to Plaintiff and the NJ Overtime Collective notwithstanding the fact that these workers were not permitted to actually take a meal break in which they were free from performing any work-related tasks.

48.    For every six hours of work performed by Plaintiff and all similarly situated Field Specialists, the Defendant automatically deducted 30-minutes regardless of whether the Field Specialists actually took a break during that time.

49.    For every twelve hours of work performed by Plaintiff and all similarly situated Field Specialists, the Defendant automatically deducted 1-hour regardless of whether the Field Specialists actually took a break during that time.

50.    Field Specialists were regularly and recurrently prohibited from taking breaks in light of their duties and responsibilities which require them to operate company vehicles and be frequently on the road traveling from location to location in order to comply with strict delivery times and mandates enforced by the company.

51.    Plaintiff and NJ Overtime Class Members regularly worked in excess of 40 hours per week and suffered state overtime wage violations when Defendant automatically deducted meal periods in which they were actually performing compensable work.

52.    During the past six years, Defendant made these automatic deductions to Plaintiff and NJ Overtime Class Members' hours worked in violation of the NJWHL.

53.    Plaintiff and NJ Overtime Collective Members regularly worked in excess of 40 hours per week and suffered federal overtime wage violations when Defendant automatically deducted meal periods in which they were actually performing compensable work.

54.    During the past three years Defendant made these automatic deductions to Plaintiff and NJ Overtime Collective Members' hours worked in violation of the FLSA.

55.    Defendant's automatic meal period deductions resulted in violations under the NJWHL and FLSA and Plaintiff and members of the putative class and collective are

entitled to receive the full New Jersey and/or federal overtime rates for each overtime hour worked that was unlawfully deducted by Defendant.

56.     Plaintiff and members of the putative class and collective are also entitled to recover liquidated damages for Defendant's willful and/or intentional violations of federal and state law.

57.     The NJWHL requires employers to pay employees 1.5 times their regular hourly rate when they work in excess of 40 hours in a workweek.

58.     The FLSA likewise requires employers to pay employees 1.5 times their regular hourly rate when they work in excess of 40 hours in a workweek.

59.     Under the FLSA, the additional persons who may become Plaintiffs in this action are Field Specialists similarly situated to Plaintiff and employed throughout the United States who: (a) worked more than 40 hours in a workweek; and (b) suffered from the same pay practices of having meal periods automatically deducted when they were not permitted to actually take these breaks.

60.     Under the NJWHL, the additional persons who may become Plaintiffs in this action are Field Specialists similarly situated to Plaintiff and employed in the State of New Jersey who: (a) worked more than 40 hours in a workweek; and (b) suffered from the same pay practices of having meal periods automatically deducted when they were not permitted to actually take these breaks.

61.     The records, to the extent that any exist, concerning the number of hours worked and amounts paid to Plaintiff and members of the putative class and collective are in the possession, custody, and control of Defendant.

62.     Defendant was aware of the requirements of the FLSA and NJWHL and the pertinent regulations thereto, yet acted willfully and/or intentionally in failing to pay Plaintiff and the class and collective members in accordance with the law.

63.     The applicable statute of limitations under the FLSA is therefore three years as opposed to two years and the applicable statute of limitations under the NJWHL is six years as opposed to five years.

## NJ OVERTIME CLASS ALLEGATIONS

64.     NJ Overtime Class members are treated equally and similarly by Defendant, in that they were subject to an automatic meal deduction which they were not permitted to take which resulted in overtime violations.

65.     On information and belief, Defendant employed in excess of 50 NJ Overtime Class members who worked in the State of New Jersey and were subject to these automatic meal deductions within the past six years.

66.     Defendant deducted time that was actually worked by Plaintiff and the NJ Overtime Class members which should have counted as overtime and is therefore a violation of New Jersey law.

67.     Defendant's New Jersey overtime violations result in recovery for the entire class of Field Specialists which requires Defendant to pay overtime wages which were impermissibly deducted.

68.     Plaintiff and NJ Overtime Class Members worked as Field Specialists for Defendant in the State of New Jersey.

69.     Plaintiff and NJ Overtime Class Members performed the same job duties as Field Specialists and were paid in an identical manner by Defendant based on Defendant

treating the Field Specialists as non-exempt employees but automatically deducting time and wages regardless of whether the Field Specialists actually took a break.

70.    Plaintiff and NJ Overtime Class Members were not paid full New Jersey overtime wages when they worked in excess of 40 hours in a workweek.

71.    Defendant was aware of the requirements of New Jersey law yet acted willfully in failing to pay Plaintiff and the NJ Overtime Class members in accordance with the law.

72.    The claims alleged under New Jersey law may be pursued by all similarly situated persons pursuant to Pa. R. Civ. P. 1701, *et. seq.*

73.    The number of individuals in the NJ Overtime Class is so numerous that joinder of all members is impracticable. The exact number of members of each class can be determined by reviewing Defendant's records. Plaintiff, on information and belief, is aware that there are numerous eligible individuals in the defined class and estimates the class size to be in excess of 50 Field Specialists.

74.    Plaintiff will fairly and adequately protect the interests of the NJ Overtime Class and has retained counsel which is experienced and competent in class action employment litigation.

75.    Plaintiff has no interests that are contrary to or in conflict with the class.

76.    A class action lawsuit, such as this one, is superior to other available means for fair and efficient adjudication of the issues alleged herein. The damages suffered by individual members of the class may be relatively small when compared to the expense and burden of litigation, making it virtually impossible for members of the class to individually seek redress for the wrongs done to them.

77.     A class action is, therefore, superior to other available methods for the fair and efficient adjudication of the controversy. Absent these actions, many members of the class likely will not obtain redress of their damages and Defendant will retain the proceeds of their violations of New Jersey law.

78.     Even if every member of the class could afford individual litigation against Defendant, it would be unduly burdensome to the judicial system. Concentrating the litigation in one forum will promote judicial economy, efficiency, and parity among the claims of individual members of the class and provide for judicial consistency.

79.     There is a well-defined community of interest in the questions of law and fact affecting the class as a whole. The questions of law and fact common to the class predominate over any questions affecting solely the individual members.  Among the common questions of law and fact are:

a.     Whether Defendant employed Field Specialists within meaning of the law;

b.     Whether Defendant uniformly, willfully, and wrongfully failed to pay Field Specialists overtime wages for all hours worked;

c.     Whether Defendant imposed an automatic meal deduction on every Field Specialist working in the State of New Jersey;

d.     What remedies are appropriate compensation for the damages caused to Plaintiff and each member of the NJ Overtime Class; and

e.     Whether Defendant's failure to compensate Plaintiff and the class members at the applicable New Jersey overtime wage was willful, intentional, or done with reckless disregard.

80.     The relief sought is common to the entire class including:

a.      Payment by Defendant of actual damages caused by their failure to pay overtime wages pursuant to New Jersey law;

b.      Payment by Defendant of liquidated damages caused by their failure to pay overtime wages pursuant to New Jersey law;

c.      Payment by Defendant for damages related to unlawful meal deductions; and

d.      Payment by Defendant of the costs and expenses of this action, including attorney's fees to Plaintiff's counsel.

81.     Plaintiff's claims are typical of the claims of members of the class.

82.     Plaintiff and the class members have sustained damages arising out of the same wrongful and uniform employment policies of Defendant in violation of New Jersey law.

83.     Plaintiff knows of no difficulty that will be encountered in the management of this litigation that would preclude its continued maintenance as a class action.

## COUNT I—COLLECTIVE ACTION FOR VIOLATION OF THE FLSA
### (NJ Overtime Collective)

84.     Plaintiff hereby incorporates all paragraphs of the Complaint as though the same were fully set forth herein.

85.     Defendant enforced a universal policy against all Field Specialists in New Jersey in which it automatically deducted time from Plaintiff and Field Specialists.

86.     Defendant automatically deducted 30-minutes for every six hours of work performed by Plaintiff and similarly situated Field Specialists regardless of whether a break was actually taken.

87.     Defendant automatically deducted 1-hour for every twelve hours of worked performed by Plaintiff and similarly situated Field Specialists regardless of whether a break was actually taken.

88.     Plaintiff and similarly situated Field Specialists across New Jersey were not permitted to actually take this meal period free from any interruptions.

89.     This occurred in one or more workweeks of Plaintiff's employment.

90.     Defendant enforced this requirement or was otherwise aware of this practice and allowed it to continue to occur, notwithstanding that this practice runs contrary to the FLSA's requirements concerning the payment of overtime wages.

91.     As a direct and proximate result of Defendant's violation of the FLSA, Plaintiff and members of the putative collective, have been damaged in the loss of federal overtime wages in one or more weeks of work during their employment with Defendant.

92.     Plaintiff seeks to represent the following nationwide collective comprised of similarly situated Field Specialists:

**NJ Overtime Collective:**          **All Field Specialists who worked for Defendant in the State of New Jersey during the past 3 years, who worked more than 40 hours in one or more workweeks.**

93.     Defendant's willful and/or intentional violation of the FLSA entitles Plaintiff to an additional amount of liquidated, or double, damages.

94.     As a result of the violations alleged herein, Plaintiff was required to retain the undersigned counsel and is therefore entitled to recover reasonable attorney's fees and costs.

WHEREFORE, Plaintiff, JOSHUA MITTWOL, respectfully requests that this Honorable Court enter judgment in his favor and against Defendant, PELOTON INTERACTIVE, INC., and award Plaintiff: (a) unliquidated damages to be paid by the Defendant; (b) an equal amount of liquidated damages to be paid by the Defendant; (c) all reasonable attorney's fees and litigation costs as permitted under the FLSA; and any and all such further relief as this Court may deems just and reasonable under the circumstances.

## COUNT II—CLASS ACTION FOR
## OVERTIME WAGE VIOLATIONS UNDER NJWHL
### (NJ Overtime Class)

95.    Plaintiff hereby incorporates all paragraphs within the Complaint as though the same were fully set forth herein.

96.    Plaintiff and the proposed NJ Overtime Class members were subjected to similar violations of the NJWHL.  Plaintiff seeks class certification of the following class for Defendant's failure to comply with the overtime wage requirements under New Jersey law:

**NJ Overtime Class:**           **All Field Specialists who worked for Peloton Interactive, Inc. in New Jersey, between December 7, 2016, and June 9, 2023, who: (i) have been regularly assigned to a warehouse located within New Jersey during that period; (ii) have not accepted a Separation Agreement and General Release; and (iii) have not agreed to a forum-selection clause requiring litigation outside New Jersey.**

### CLASS ALLEGATIONS

97.    Plaintiff brings this NJWHL claim as a class action pursuant to Fed. R. Civ. P. 23 on behalf of the above class (the "NJ Overtime Class").

98.     Excluded from the class are Defendant and its officers, directors, legal representatives, successors, subsidiaries, and assigns. Also excluded from the Class are any judicial officer presiding over this matter, members of their immediate family, and members of their judicial staff.

99.     NJWHL requires an employer to pay an employee for overtime at a wage rate of one and one-half times the employee's regular rate.

100.     As a result of its automatic meal deduction imposed on Plaintiff and similarly situated Field Specialists, the Defendant failed to pay overtime compensation to Plaintiff and other members of the NJ Overtime Class the requisite state overtime wages.

101.     As a direct result of Defendant's violation of NJWHL, Plaintiff and the NJ Overtime Class have been damaged in that they have not received overtime wages due to them pursuant to NJWHL.

102.     Plaintiff and the NJ Overtime Class are entitled to overtime compensation using the default method of calculating overtime at one and one-half times their regular rate of pay for the hours they worked over 40 in a workweek, which were impermissibly deducted.

103.     Defendant cannot provide a good faith basis to believe that its underpayment of overtime wages was in compliance with NJWHL.

104.     Plaintiff and the NJ Overtime Class are entitled to recover their unpaid overtime wages and an additional equal amount as liquidated damages.

105.     The putative NJ Overtime Class members are treated equally and similarly by Defendant, in that they were subject to an automatic meal deduction in weeks in which they worked in excess of 40 hours.

106. *Numerosity:* Defendant employed in excess of 50 Field Specialists in the State of New Jersey during the past six years who were required to work more than 40 hours in a workweek and subject to an automatic meal deduction. Given Defendant's considerable size and the systematic nature of its failure to comply with New Jersey law, the members of the Class are so numerous that joinder of all members is impractical.

107. Plaintiff and the class members were subject to the same policies.

108. *Commonality:* Common questions of law and fact exist as to all members of the Class and predominate over any questions solely affecting any individual member of the Class, including Plaintiff. Such questions common to the Class include, but are not limited to the following:

(a)     Whether Defendant unlawfully failed to pay overtime wages to Plaintiff and other members of the NJ Overtime Class;

(b)     Whether Defendant, as a result of unlawfully failing to pay overtime compensation, violated NJWHL by failing to pay Plaintiff and other members of the NJ Overtime Class at the prescribed rate of one and one-half times the regular hourly rate for all overtime hours worked; and

(c)     What amount of monetary relief will compensate Plaintiff and other members of the NJ Overtime Class for Defendant's violation of NJWHL.

109. *Typicality:* Plaintiff's claims are typical of the claims of the members of the NJ Overtime Class. Plaintiff's claims arise from the Defendant's company-wide policy of automatically deducting 30 minutes to one hour from Field Specialists' work time for a purported meal period even though Field Specialists were not permitted to take a meal break.

110. *Adequacy:* Plaintiff will fairly and adequately protect the interests of the NJ Overtime Class. Plaintiff has no interest that might conflict with the interests of the NJ Overtime Class. Plaintiff is interested in pursuing his claims against Defendant vigorously

and has retained counsel competent and experienced in class and complex wage and hour litigation.

111.    Class action treatment is superior to the alternatives for the fair and efficient adjudication of the controversy alleged herein. Such treatment will permit a large number of similarly situated persons to prosecute their common claims in a single forum simultaneously, efficiently, and without the duplication of effort and expense that numerous individual actions would entail. No difficulties are likely to be encountered in the management of this class action that would preclude its maintenance as a class action, and no superior alternative exists for the fair and efficient adjudication of this controversy.

112.    Defendant has acted on grounds generally applicable to the NJ Overtime Class, thereby making relief appropriate with respect to the NJ Overtime Class as a whole. Prosecution of separate actions by individual members of the NJ Overtime Class would create the risk of inconsistent or varying adjudications with respect to the individual members of the NJ Overtime Class that would establish incompatible standards of conduct for Defendant.

113.    Without a class action, Defendant will likely continue to retain the benefit of their wrongdoing and will continue a course of conduct that will result in further damages to Plaintiff and the NJ Overtime Class.

114.    Plaintiff and the NJ Overtime Class members performed the same job duties, as Field Specialists, and were paid in an identical manner by Defendant based on Defendant's automatic meal deduction that was enforced.

115.    Plaintiff and the NJ Overtime Class members were not paid proper overtime wages for the hours worked.

116.    Defendant was aware of the requirements of the NJWHL, and the pertinent regulations thereto, yet acted willfully in failing to pay Plaintiff and the NJ Overtime Class members in accordance with the law.

117.    The precise size and identity of the class should be ascertainable from the business records, tax records, and/or employee or personnel records of Defendant; however, Plaintiff estimates that the total number of putative NJ Overtime Class members exceeds 50 Field Specialists.

118.    This action is intended to include each and every Field Specialist who worked for Defendant in the State of New Jersey, during the past six years as each of these Field Specialists was subject to the automatic meal deduction policies.

119.    During all material times hereto, Plaintiff and all NJ Overtime Class members were non-exempt employees of Defendant.

120.    Plaintiff and the NJ Overtime Class members performed work as Field Specialists which was an integral part of the business for Defendant.

121.    The additional persons who may become Plaintiffs in this action are employees with positions similarly situated to Plaintiff and who suffered from the same pay practices of not being properly paid overtime wages under the NJWHL for each overtime hour worked.

122.    A class action suit, such as this one, is superior to other available means for fair and efficient adjudication of the lawsuit. The damages suffered by individual members of the class may be relatively small when compared to the expense and burden of litigation, making it virtually impossible for members of the class to individually seek redress for the wrongs done to them.

123.    A class action is, therefore, superior to other available methods for the fair and efficient adjudication of the controversy. Absent these actions, many members of the class likely will not obtain redress of their damages and Defendant will retain the proceeds of their violations of the NJWHL.

124.    Furthermore, even if every member of the class could afford individual litigation against Defendant, it would be unduly burdensome to the judicial system. Concentrating the litigation in one forum will promote judicial economy, efficiency, and parity among the claims of individual members of the class and provide for judicial consistency.

125.    The relief sought is common to the entire class including, inter alia:

(a)    Payment by the Defendant of actual damages caused by their failure to pay overtime wages pursuant to the NJWHL;

(b)    Payment by the Defendant of liquidated damages caused by their failure to pay minimum wages pursuant to the NJWHL as a result of Defendant's intentional and/or willful violations;

(c)    Payment by the Defendant of the costs and expenses of this action, including reasonable attorney's fees of Plaintiff's counsel.

126.    Plaintiff and the NJ Overtime Class members have sustained damages arising out of the same wrongful and company-wide employment policies of Defendant in violation of the NJWHL.

127.    As a result of the violations alleged herein, Plaintiff was required to retain the undersigned counsel and is therefore entitled to recover reasonable attorney's fees and costs.

WHEREFORE, Plaintiff, JOSHUA MITWOLL, respectfully requests that this Honorable Court enter judgment in his favor and against Defendant, PELOTON INTERACTIVE, INC., and award Plaintiff, and the putative class: (a) unliquidated

overtime wages pursuant to NJWHL to be paid by Defendant to the class; (b) liquidated damages pursuant to NJWHL to be paid by Defendant to the class; (c) all reasonable attorney's fees and costs as permitted under the NJWHL, and any and all such further relief as this Court may deem just and reasonable under the circumstances.

**JURY TRIAL DEMANDED.**

Respectfully submitted,

QUINN LOGUE LLC

August 16, 2023

/s/ *Tyler S. Setcavage*
Tyler S. Setcavage, Esquire
Pa. ID No. 322867
Matthew T. Logue, Esquire
Pa. ID No. 87416

200 First Avenue, Third Floor
Pittsburgh, Pennsylvania 15222
*Attorneys for Plaintiff and Putative Class*

USA EMPLOYMENT LAWYERS –
JORDAN RICHARDS PLLC

 /s/ *Michael Miller*
Jordan Richards, Esquire
Florida Bar No. 108372
New York Bar No. 5859095
Michael Miller, Esquire
Florida Bar No. 64005
New Jersey Bar No. 57-2009
*Pro Hac Vice*

1800 SE 10th Ave. Suite 205
Fort Lauderdale, Florida 33316
*Attorneys for Plaintiff and the Class*

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that the foregoing motion was filed through CM/ECF this

16th day of August 2023 and served on the counsel listed below.

By: */s/ Tyler S. Setcavage*

Tyler S. Setcavage, Esquire
Pennsylvania Bar No. 322867
Florida Bar No. 1044899

## SERVICE LIST

JACOB OSLICK, ESQ.
PA Bar No. 311028
joslick@seyfarth.com
SEYFARTH SHAW LLP
620 Eighth Ave. 32nd Floor
New York, NY 10018-1405
Tel: (212) 218-5500
Fax: (212) 218-5526
*Counsel for Defendant*