IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| JOSHUA MITTWOL, on behalf of himself and all others similarly situated, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>PELOTON INTERACTIVE, INC., )<br>)<br>Defendant. ) | 2:23-cv-00156 |

### ORDER OF PRELIMINARY
### <u>APPROVAL GRANTING AMENDED MOTION AT ECF NO. 37</u>

This matter came to be considered on Plaintiff's Amended Agreed Motion for Preliminary Approval of Class Settlement, Conditional Certification of the Settlement Class, Appointment of Plaintiff's Counsel as Class Counsel, and Approval of the Proposed Notice of Settlement and Class Action Settlement Procedure and Memorandum of Law in Support (the "Motion") (ECF No. 37).

The Court has reviewed in detail and considered the Motion and Memorandum in support of the Motion; the Stipulation of Class Action Settlement and Amended Settlement Agreement annexed to ECF No. 37 as modified by the Notice at ECF No. 44 ("Settlement Agreement") between Plaintiff, JOSHUA MITTWOL, for himself individually and on behalf of the Settlement Class, and Defendant PELOTON INTERACTIVE, INC. ("Defendant") (together "the Parties"); the Notice filed of record at ECF No. 44; and all other papers that have been filed with the Court related to the Settlement Agreement, including all exhibits and attachments to the Motion and the Settlement Agreement, along with the record developed in hearings held before the Court held on September 19, 2023 and December 21, 2023 relative to the matters set out in this Court's Orders and Notice at ECF Nos. 30 and 40 and all other relevant matters.

The Court being satisfied that the matters raised by the Court in the referenced hearing and prior Order at ECF No. 30, as amended by the Court's Order at ECF No. 33 and its Notice at ECF No. 40, have been appropriately addressed and resolved in accordance with applicable law and that further continuation of the September 19, 2023 and December 21, 2023 hearings is not required for the Court's disposition of the Motion,

IT IS HEREBY ORDERED, ADJUDGED, and DECREED as follows:

1. Capitalized terms used in this Order that are not otherwise defined herein have the same meaning assigned to them as in the Settlement Agreement.

2. With the consent of all parties, the terms of their Settlement Agreement are modified to provide for e-mail notice to the members of the Settlement Class, to be provided contemporaneously with the notice provided by first-class mail. More specifically, Section 4.2 of the Settlement Agreement is modified to provide as follows: "The Settlement Administrator shall send the Notice via first-class mail and e-mail (if available) no later than the Notice Date." Further, Section 5.1 of the Settlement Agreement is modified to provide: "The Settlement Administrator shall disseminate Notice as provided in Section 4 of this Settlement Agreement. If a Notice is returned with a forwarding address, the Settlement Administrator shall promptly mail a new Notice to the forwarding address, and also re-send Notice via e-mail (if available). If a Class Notice is returned without a forwarding address, the Settlement Administrator shall promptly seek to determine the individual's current address (including by performing, if needed, a standard Level 2 Skip Trace in the manner that the Settlement Administrator customarily performs skip traces, and, to facilitate this process, the Settlement Administrator may use the individual's social security number, if available). If a new address is obtained, the Settlement Administrator shall promptly mail a new Notice to the newly obtained address, and also re-send Notice via e-mail (if available).

If a new address is not obtained through a standard Level 2 skip tracing (or any other reasonable or customary methods available to the Settlement Administrator, such as telephoning the individual), the Settlement Administrator shall re-send the Notice via e-mail (if available). If a Notice cannot be sent via e-mail no further effort need be taken."

3. The Motion, ECF No. 37, is GRANTED on the terms set forth in this Order. The terms of the Settlement Agreement as modified by the parties as noted herein are preliminarily approved as fair, reasonable, and adequate. There is good cause to find that the Settlement Agreement was negotiated at arms-length and in good faith between the Parties, who were represented by experienced class action counsel familiar with the legal and factual issues of this case.

4. Based on this preliminary evaluation, the Court finds that the Settlement Agreement meets all applicable requirements of Fed. R. Civ. P. 23 and 29 U.S.C. § 216(b) for settlement purposes only, including that the Settlement Class is sufficiently numerous, that there are questions of law and fact sufficiently common to members of the Settlement Class that predominate, that the proposed Class Representatives fairly and adequately protect the interests of the Settlement Class, and that class treatment is an appropriate method for the fair and efficient adjudication of the Action.

5. In accordance with the Settlement Agreement, the Court hereby preliminarily certifies, for the purposes of settlement only, the following:

a. A Settlement Class under Rule 23 of Federal Rules of Civil Procedure consisting of:

> **All Field Specialists who worked for Peloton Interactive, Inc. between December 7, 2016, and June 9, 2023, who: (i) were regularly assigned to a warehouse located within New Jersey during that period; (ii) have not previously released wage-and-hour claims**

**against Peloton; (iii) have not agreed with Peloton to a forum-selection clause requiring litigation outside New Jersey; and (iv) have not agreed to arbitrate any unreleased claims against Peloton**.

**Excluded from the Settlement Class are: (1) any Judge or Magistrate Judge presiding over this action and members of their families; (2) the Defendant, Defendant's subsidiaries, parent companies, successors, predecessors, and any entity in which the defendant or its parents have a controlling interest; (3) persons who properly execute and file a timely request for exclusion from the Settlement Class; and (4) the legal representatives, successors or assigns of any such excluded persons.**

b. A collective action for notice purposes under the Fair Labor Standards Act, consisting of all members of the Settlement Class who submit a Claim Form is hereby approved and authorized. Members of the Settlement Class who submit a Claim Form will be deemed to have consented in writing to become a party to this action for purposes of 29 U.S.C. § 216(b).

6. For settlement purposes, Plaintiff, JOSHUA MITTWOL, is appointed as Class Representative.

7. For settlement purposes, the following counsel are hereby appointed Class Counsel:

Jordan Richards
Jordan Richards PLLC
d/b/a USA Employment Lawyers
1800 SE 10th Ave. Suite 205
Fort Lauderdale, Florida 33316
Tel: (954) 871-0050
jordan@jordanrichardspllc.com

Michael Miller
Jordan Richards PLLC
d/b/a USA Employment Lawyers
1800 SE 10th Ave. Suite 205
Fort Lauderdale, Florida 33316
Tel: (954) 871-0050
michael@usaemploymentlawyers.com

Matthew Logue
Quinn Logue
200 First Avenue, Third Floor
Pittsburgh, PA 15222
(412) 765-3800
matt@quinnlogue.com

Tyler Setcavage
Quinn Logue
200 First Avenue, Third Floor
Pittsburgh, PA 15222
(412) 765-3800
tyler@quinnlogue.com

8. The Court recognizes that, pursuant to the Settlement Agreement, Defendant retains all rights to object to the propriety of class certification in the Action in all other contexts and for all other purposes should the Settlement not be finally approved. Therefore, as more fully set forth below, if the Settlement is not finally approved, and the Action resumes, this Court's preliminary findings regarding the propriety of class certification shall be of no further force or effect whatsoever, and this Order will be vacated in its entirety.

9. The Court approves the proposed plan for giving Notice to the Settlement Class as fully described in the Settlement Agreement. The plan for giving Notice, in form, method, and content, fully complies with the requirements of Fed. R. Civ. P. 23, 29 U.S.C. §216(b), and due process, and is due and sufficient notice to all persons in the Settlement Class. In addition, the Court finds that no notice other than that specifically identified in the Settlement Agreement is necessary in this Action.

10. ILYM Group, Inc. is hereby appointed Settlement Administrator to supervise and administer the notice process, as well as to oversee the administration of the Settlement, as fully set forth in the Settlement Agreement. The Settlement Administrator may proceed with the distribution of the Notice as set forth in the Settlement Agreement. The Court hereby directs the

Parties and Settlement Administrator to complete all aspects of the Notice plan within 28 days of the date of this Order, or by **February 6, 2024**.

11. Settlement Class Members who wish to receive benefits under the Settlement Agreement must complete and submit a valid Claim Form in accordance with the instructions provided in the Notice on or before **March 22, 2024**. By submitting a Claim Form, the Settlement Class Member consents in writing to become a party to this action for purposes of 29 U.S.C. § 216(b). The Court hereby approves as to form and content the Claim Form attached to the Settlement Agreement as Exhibit A.

12. All Claim Forms must be mailed via U.S. Mail to the address specified in the Claim Form no later than **March 22, 2024**. Settlement Class Members who do not timely submit a Claim Form deemed to be valid in accordance with Paragraph 1.4 of the Settlement Agreement shall not be entitled to receive any portion of the Settlement Fund.

13. All persons who meet the definition of the Settlement Class and who wish to exclude themselves from the Settlement Class must submit their request for exclusion in writing by mailing it no later than **March 22, 2024**. To be valid, any request for exclusion must: (a) be in writing; (b) identify the case name *Mittwol, et. al. v. Peloton Interactive, Inc.,* W.D. Pa. Case No. 2:23-cv-156-MRH (United States District Court for the Western District of Pennsylvania); (c) state the full name and current address of the person in the Settlement Class seeking exclusion; (d) be signed by the person(s) seeking exclusion; and (e) be postmarked or received by the Settlement Administrator on or before the above-stated Exclusion Deadline. Each request for exclusion must contain a statement to the effect that "I hereby request to be excluded from the proposed Settlement Class in *Mittwol, et. al. Peloton Interactive, Inc.,* W.D. Pa. Case No. 2:23-cv-156-MRH." A request for exclusion that does not include all of the foregoing information,

that is sent to an address or e-mail address other than that designated in the Notice, or that is not postmarked or electronically delivered to the Settlement Administrator within the time specified, shall be invalid and the persons serving such a request shall be deemed to remain Settlement Class Members and shall be bound as Settlement Class Members by the Settlement Agreement, if approved.

14. Any person who elects to request exclusion from the Settlement Class shall not: (a) be bound by any orders of the Final Approval Order entered in this Action; (b) receive a Settlement Payment under this Settlement Agreement; (c) gain any rights by virtue of this Settlement Agreement; or (d) be entitled to object to any aspect of this Settlement Agreement or the Final Approval Order. No person may request to be excluded from the Settlement Class through "mass" or "class" opt-outs.

15. Any Settlement Class Member (who has not excluded themselves) may comment in support of, or in opposition to, or otherwise object to the Settlement Agreement at his or her own expense; provided, however, that all comments and objections must be: (1) filed with the Court; and (2) e-mailed to Class Counsel and Defendant's Counsel no later than **April 24, 2024**. Any person in the Settlement Class who intends to object to this Settlement Agreement must present the objection in writing, which must be personally signed by the objector and must include: (a) the Settlement Class Member's full name and current address; (b) a statement why he or she believes himself or herself to be a member of the Settlement Class; (c) the specific grounds for the objection; (d) all documents or writings that the Settlement Class member desire the Court to consider; (e) the name and contact information of any and all attorneys representing, advising, or in any way assisting the objector in connection with the preparation or submission of the objection or who may profit from the pursuit of the objection; and (f) a statement indicating whether the

objector intends to appear at the Final Approval Hearing (either personally or through counsel, who must file an appearance or seek pro hac vice admission).

16. Addresses for Class Counsel, Defendant's Counsel, the Settlement Administrator, and the Clerk of Court are as follows:

**Class Counsel:**

Jordan Richards
Jordan Richards PLLC
d/b/a USA Employment Lawyers
1800 SE 10th Ave. Suite 205
Fort Lauderdale, Florida 33316
jordan@jordanrichardspllc.com

Michael Miller
Jordan Richards PLLC
d/b/a USA Employment Lawyers
1800 SE 10th Ave. Suite 205
Fort Lauderdale, Florida 33316
Tel: (954) 871-0050
michael@usaemploymentlawyers.com

Matthew Logue
Quinn Logue
200 First Avenue, Third Floor
Pittsburgh, PA 15222
(412) 765-3800
matt@quinnlogue.com

Tyler Setcavage
Quinn Logue
200 First Avenue, Third Floor
Pittsburgh, PA 15222
(412) 765-3800
tyler@quinnlogue.com

**Settlement Administrator:**

ILYM Group
P.O. Box 2031
Tustin, California 92781

**Defendant's Counsel:**

Robert Whitman
Seyfarth Shaw LLP
620 Eighth Avenue, 32nd Floor
New York, New York 10018-1405
rwhitman@seyfarth.com

**Clerk of Court:**

Clerk, U.S. District Court
Western District of Pennsylvania
700 Grant Street
Pittsburgh, Pennsylvania 15219

17. A Settlement Class Member who has not requested exclusion from the Settlement Class and who has properly submitted a written objection in compliance with the Settlement Agreement, may appear at the Final Approval Hearing in person or through counsel to show cause why the proposed Settlement should not be approved as fair, reasonable, and adequate. Attendance at the hearing is not necessary; however, persons wishing to be heard orally in opposition to the approval of the Settlement and/or Class Counsel's requested Fee Award are required to indicate in their written objection their intention to appear at the Final Approval Hearing on their own behalf or through counsel. For any Settlement Class Member who files a timely written objection and who indicates his/her intention to appear at the Final Approval Hearing on their own behalf or through counsel, such Settlement Class Member must also include in his/her written objection the identity of any witnesses he/she may call to testify, and all exhibits he/she intends to introduce into evidence at the Final Approval Hearing, which shall be attached. The Court will determine in its sole discretion whether to permit any objector to be heard or to present testimony at the Final Approval Hearing.

18. Any Settlement Class Member who fails to timely file a written objection with the Court and notice his or her intent to appear at the Final Approval Hearing in accordance with the terms of this Order and as detailed in the Notice, and at the same time provide copies to desigend counsel for the Parties, shall not be permitted to object to the Settlement Agreement at the Final Approval Hearing, and shall be foreclosed from seeking any review of the Settlement Agreement or Final Approval Order by appeal or other means and shall be deemed to have waived his or her objections and be forever barred from making any such objections in the Action or any other action or proceeding.

19. Class Counsel may file any motion seeking an award of attorneys' fees, costs and expenses, in accordance with the terms of the Settlement Agreement, no later than **April 10, 2024**.

20. All papers in support of final approval of the Settlement shall be filed no later than **May 22, 2024**.

21. A hearing (the "Final Approval Hearing") shall be held virtually before the Court on **June 5, 2024, at 1:30 PM, EDT**, via Zoom Teleconference for the following purposes:

   a) To finally determine whether the applicable prerequisites for settlement class action treatment under Fed. R. Civ. P. 23 have been met;

   b) To determine whether the Settlement is fair, reasonable, adequate, and made in good faith, and should be approved by the Court;

   c) To determine whether the Final Approval Order as provided under the Settlement Agreement should be entered, including an order prohibiting Settlement Class Members from further pursuing Released Claims as set forth in the Settlement Agreement;

   d) To consider the application for a Fee Award to Class Counsel;

   e) To consider the distribution of the Settlement Fund pursuant to the Settlement Agreement; and

   f) To rule upon such other matters as the Court may deem appropriate.

22. The Final Approval Hearing may be postponed, adjourned, transferred, modified in format or continued by order of the Court without further notice to the Settlement Class. At or following the Final Approval Hearing, the Court may enter a judgment approving the Settlement Agreement and a Final Approval Order in accordance with the Settlement Agreement that adjudicates the rights of all Settlement Class Members.

23. Settlement Class Members do not need to appear at the Final Approval Hearing or take any other action to indicate their approval.

24. The Settlement Agreement and the proceedings and statements made pursuant to the Settlement Agreement or papers filed relating to the Settlement or this Order, are not and shall not in any event be described or construed as, and/or used, offered or received against the Released Parties as evidence of and/or deemed to be evidence of any presumption, concession, or admission by any Released Party of the truth of any fact alleged by Plaintiffs; the validity of any Released Claim; the deficiency of any defense that has been or could have been asserted in the Action or in any litigation; or any liability, negligence, fault, or wrongdoing of any of the Released Parties. Defendant has denied and continues to deny the claims asserted by Plaintiffs. Notwithstanding, nothing contained herein shall be construed to prevent a Party from offering the Settlement Agreement into evidence for the purpose of enforcing the Settlement Agreement.

25. The Court hereby authorizes the Parties, without further approval of the Court, to agree to and adopt such technical non-substantive amendments, modifications and expansions of the Settlement Agreement and its implementing documents (including all exhibits to the Settlement Agreement) that shall be consistent in all material respects with the terms of the Final Approval Order and do not limit or impair the rights of the Settlement Class.

26. For clarity, the deadlines set forth above and in the Settlement Agreement are as follows:

| | |
|---|---|
| **Notice to be completed by:** | February 6, 2024 |
| **Claim Deadline:** | March 22, 2024 |
| **Exclusion Deadline:** | March 22, 2024 |
| **Fee Award Application Deadline:** | April 10, 2024 |
| **Objection Deadline:** | April 24, 2024 |
| **Final Approval Submissions:** | May 22, 2024 |

   **Final Approval Hearing:**   **June 5, 2024 at 1:30 PM, EDT**

 **IT IS SO ORDERED.**

ENTERED: January 9, 2024       <u>s/ Mark R. Hornak     </u>
                 HON. MARK R. HORNAK
                 UNITED STATES DISTRICT JUDGE